IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LISA DENISE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-3022 |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

This is an action under 42 U.S.C. § 405(g) for judicial review of the denial of Plaintiff's claim for social security benefits. Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 11) and Defendant's Motion for Summary Affirmance (Doc. 16).

I.     BACKGROUND

In September 2019, Plaintiff Lisa Denise White filed claims for disability insurance benefits and supplemental security income. (R. 25.) Plaintiff, who was born in November 1968, first alleged disability beginning on August 1, 2016, before amending the alleged onset date of disability to September 29, 2018. (R. 25, 42.) After Plaintiff's claims were initially denied and upon reconsideration on January 15, 2021, Plaintiff filed a written request for a hearing. (R. 25.) On July 22, 2021, a telephone hearing was held before Administrative Law Judge ("ALJ") Katherine Jecklin. (R. 22-50.) In an August 6, 2021

decision, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended onset date of September 29, 2018, and Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, obesity, fibromyalgia, visual impairment of the left eye, bilateral carpal tunnel syndrome, osteoarthritis, major depressive disorder, generalized anxiety disorder, social anxiety disorder, and somatoform disorder. (R. 28.) Pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ found no impairment or combination of impairments meets or medically equals the severity of one of the listed impairments. (R. 29-32.) Regarding Plaintiff's residual functional capacity ("RFC"), the ALJ found as follows:

> I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can have no exposure to hazards such as unprotected heights or unprotected moving machinery. She can occasionally perform overhead reaching with her bilateral upper extremities. The claimant can frequently handle, finger, push, and pull with her bilateral upper extremities. She can tolerate no more than occasional concentrated exposure to extreme heat, extreme cold, wetness, humidity, dusts, fumes, noxious odors, and gases. She can perform work that does not require precise depth perception or commercial driving. The claimant can maintain the attention required to perform simple, routine tasks and make simple, work-related decisions. She can perform work that is not at a fast pace such as an assembly line, but can stay on task and meet reasonable production requirements in an environment that allows a flexible and goal-oriented pace. She cannot have contact with the public.

(R. 33.) The ALJ determined that, while Plaintiff would be unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (R. 41-42.) The ALJ found Plaintiff could perform jobs such as Cleaner, Hand Packer, and Production Worker and was not under a disability as defined in the Social Security Act. (R. 43.)

On December 8, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. 1-6), thereby rendering it the Agency's final decision for purposes of judicial review. *See* 20 C.F.R. § 404.981.

Plaintiff alleges the opinions of the state agency doctors cannot salvage the ALJ's "unreliable" decision. (Doc. 11, 8-10.) Plaintiff argues the RFC is unsupported due to various errors and lacks an accurate and logical bridge from the evidence to the ALJ's conclusion. (*Id.* at 10-15.) Furthermore, Plaintiff contends that because of the ALJ's failure to properly consider all the evidence, the record is unclear as to whether Plaintiff can perform the jobs identified by the ALJ. (*Id.* at 15.)

Defendant claims the ALJ's account of Plaintiff's functional limitations was more limiting than the opinions of the state-agency reviewing doctors and psychologists, the only doctors of record to provide an account of Plaintiff's limitations. (Doc. 17, 1.) Moreover, the ALJ partially credited Plaintiff's allegations of greater limitations by adding additional limitations to the RFC assessment. (*Id.* at 2.) Finally, Defendant contends Plaintiff is unable to demonstrate that Plaintiff was more limited than the ALJ found or identify any particular limitation that the ALJ should have included. (*Id.*)

## II.   DISCUSSION

### A. Legal Standard

A claimant is considered disabled only upon showing an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). It generally is the claimant's burden to prove disability. 20 C.F.R. § 404.1512(a); *See Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). A claimant must show her impairments "are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration applies the statutory standard by employing a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). The claimant has the burden of production at steps one through four. 20 C.F.R. § 404.1520(a)(4)(i)-(iv); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets her burden of proving disability, the agency must produce evidence of jobs existing in significant numbers that the claimant can perform given her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(a)(4)(v); *Id.* at 146 n.5.

When, as here, the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner. *See Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). The Act specifies that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014) (citations omitted). Although the task of a court is not to re-weigh evidence or substitute its judgment for that of the ALJ, the ALJ's decision "must provide enough

discussion for [the Court] to afford [the Plaintiff] meaningful judicial review and assess the validity of the agency's ultimate conclusion." *Id.* at 856-57. The ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted). A court does not "resolve conflicts or decide questions of credibility." *L.D.R. v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019).

### B. State Agency Opinions and ALJ's Decision

Plaintiff contends the opinions of the state agency consultants were outdated and incomplete and thus cannot support the ALJ's decision. (Doc. 11, 8.) The opinions were incomplete because the consultants did not consider: (1) imaging of the cervical spine in 2018 and 2020 showing differing abnormalities and apparent worsening of some issues in Plaintiff's neck; (2) lumbar spine imaging showing mild degenerative disc disease; and (3) the effect of Plaintiff's obesity on her RFC. (*Id.*; R. 555-56, 558, 701-02, 705.) Plaintiff asserts the opinions were also outdated because (1) a rheumatology exam showed hypertrophic changes in the hand joints and pain in the hips, elbows, and wrists; and (2) there were new diagnoses of osteoarthritis and lumbar radiculopathy. (*Id.* at 8; R. 861-65, 922.) Plaintiff contends the state agency psychological consultants' opinions were incomplete because the consultants did not address the PHQ-9 scores[1] indicating

---

[1] The PHQ is a multipurpose instrument for screening, diagnosing, and monitoring depression. Kurt Kroenke, et al., *The PHQ-9: Validity of a Brief Depression Severity Measure*, 16 J. Gen. Internal Med. 606-16 (2001), https://onelibrary.wiley.com/doi/full/10.1046/j.1525-1497.2001.016009606.x.

moderately severe to severe depression or the effect of Plaintiff's chronic pain and medications on her mental functioning. (*Id.* at 8; R. 495-501, 915-34, 942-56.)

Defendant notes that records before the state agency consultants included the 2018 and 2020 cervical spine MRIs even though the doctors only cited the 2016 MRI. (Doc. 17, 17.) However, agency regulations provide that medical opinions are evaluated based on several factors including "supportability," which is one of the two "most important factors" when determining "how persuasive [the Agency] finds a medical source's medical opinions or prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2). The Court has no basis to find that the consultants' opinions can be supported with evidence they did not review.

Defendant further disputes Plaintiff's assertion that that the more recent MRIs documented a worsening of her condition. (*Id.*) Citing *Keys v. Berryhill*, 679 F. App'x 477 (7th Cir. 2017) and *Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014), Defendant alleges the cervical MRIs consistently showed mild findings that were not enough to call into the question the validity of the opinions of the state agency consultants. (*Id.*)

In *Keys*, the Seventh Circuit found no error when the state agency physicians did not review two new spinal MRIs because the plaintiff failed to provide any evidence that the reports would have changed the doctors' opinions. *See Keys*, 679 F. App'x at 481. The Seventh Circuit has since cautioned against relying on unpublished decisions like *Keys* and *Olsen* which are "more summaries than fully reasoned explanations." *Kemplen v. Saul*, 844 F. App'x 883, 888 (7th Cir. 2021). More recent decisions provide that "the ALJ must seek an additional medical opinion if there is potential decisive evidence that postdates

the state agency consultant's opinions." *Id.* (citing *Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018)). However, remand is not required if the new records would not have altered the state agency consultants' RFC findings. *See Baptist v. Kijakazi*, 74 F.4th 437, 442 (7th Cir. 2023)

Plaintiff contends the imaging of Plaintiff's cervical and lumbar spine abnormalities is significant evidence that was not considered by any medical source before rendering an opinion. (Doc. 11, 8.) After describing the MRI and x-ray results, the ALJ found that no greater RFC restrictions were necessary to address Plaintiff's pain and limitations because Plaintiff's cervical spine limitations "seemingly improved" between 2016 and 2018, and 2020 imaging was noted to be "similar [in] appearance" to the 2018 imaging. (R. 35.) While the 2018 MRI showed Plaintiff no longer exhibited stenosis which Plaintiff states was apparently due to bone spurs compressing the discs and nerve roots as shown on the 2016 imaging (R. 857), it did show disc bulging and protrusion and spondylosis not indicated on the 2016 MRI. (R. 555-56). Also, x-rays that were completed in 2018 specifically noted a progression of osteoarthritic changes since the 2016 MRI. (R. 558.) The 2020 MRI, which was noted to be similar to the 2018 results (R. 35), showed at least mild spinal canal and foraminal stenosis (R. 701-02) in contrast to the ALJ's determination. Additionally, Rasheed Abiola, M.D., Plaintiff's orthopedic surgeon, noted that the 2018 cervical spine x-rays and MRI and 2020 MRI showed diffuse spondylosis throughout the cervical spine. (R. 567-72, 578-83.)

The ALJ's determination that imaging showed improvement, without addressing the differences and apparent worsening of some of Plaintiff's cervical abnormalities,

illustrates why ALJs are required to seek medical expert opinions, especially with respect to imaging, rather than assessing such evidence themselves. *See Akin*, 887 F.3d at 317 ("The ALJ stated the MRI results were 'consistent' with Akin's impairments and then based his assessment of her residual functional capacity 'after considering . . . the recent MRIs.' But, without an expert opinion interpreting the MRI results in the record, the ALJ was not qualified to conclude that the MRI results were 'consistent' with his assessment."); *see Baptist*, 74 F.4th at 441-42 (ALJ may not "play doctor" by affording new opinions great weight without seeking a medical assessment.).

The Court concludes it is unclear whether the 2018 and 2020 imaging would have altered the ALJ's decision if that evidence had been considered by a medical source and was part of the record. The Seventh Circuit has determined that even mild findings on imaging can be "potentially decisive" evidence requiring expert review when considered along with Plaintiff's other conditions and symptoms. *See Kemplen*, 844 F. App'x at 887-88 (remanding because new cervical spine imaging, though mild, needed to be considered with other evidence in the record). As Plaintiff alleges, the state agency physicians did not consider imaging of Plaintiff's cervical spine after 2016 nor did they address her cervical spine issues in combination with her lumbar disc degeneration, obesity, osteoarthritis, and fibromyalgia.

### III.    CONCLUSION

In summary, the Court has reviewed the record and concludes that the ALJ erred by relying on outdated state agency opinions and interpreting the imaging on her own without the benefit of an updated medical opinion. Because the Court concludes remand

is appropriate for the reasons stated herein, the Court need not address Plaintiff's additional arguments though the parties are free to raise those issues on remand. For these reasons, Plaintiff's Motion for Summary Judgment [Doc. 11] is GRANTED. Defendant's Motion for Summary Affirmance [Doc. 16] is DENIED. The Clerk of Court is directed to enter Judgment in favor of Plaintiff. Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is REMANDED to the Commissioner for further proceedings consistent with this Opinion.

ENTER: September 22, 2023

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE